PHILLIPS, administrator of RAMBO, *v.* TAPPER, administrator of SMITH.

1. Where there was a contract for the purchase of a boat, to be paid for in freights, entries made by the purchaser of the delivery of goods to strangers, coupled with proof that during the time when the entries were made the purchaser carried for no one but the vendor, are not evidence; no charge being made against the vendor, and entries of the party not being generally admissible to prove performance of a special contract.
2. A copy of an account taken from a book, from which a settlement had been made, was delivered to the party, and retained five months without objection; a copy of that copy, and the book from which it was taken, showing the same balance, are evidence.
3. The owner of a canal boat is liable for provisions and necessaries furnished and charged to the captain of the boat.

*March* 25.—THIS was an action of trover for one-half of the canal boat Sea Gull, agreed to be tried on its merits, without regard to form. It appeared Smith, the plaintiff's intestate, bought the boat, the price to be paid by a note of a third person, and by freights. Plaintiff then proved a book was kept in the boat, in which were certain entries; during the time these were made, Smith carried for no one but defendant; that the entries were made by Smith, but when, or what they were, witness could not state. He offered to read the entries, which were in this form:

"Sept. 27, To William McDowell, 2100, and received in cash, $5 00. April 12, Landed 1782 bushels of lime," &c. &c.

But there was no charge against defendant. The defendant objected, but the court admitted it.

Defendant proved a settlement of accounts, by the agent of defendant, with Smith, and the delivery of a copy about five months before his death. He then offered to read the book from which the account was taken, and also a copy of the account furnished to plaintiffs. The court rejected them both. He then proved the payment of an account charged thus:

"John Smith, captain of the boat Sea Gull, Dr. to Wm. McF., to sundries and provisions."

The court instructed the jury, the payment was voluntary, and could not be taken into the account between the parties.

*Mulvany,* for plaintiff.—The book kept by himself was to prove performance of his contract, and is not evidence; 1 Nev. & Man. 131; besides, it does not purport to charge the defendant; Alexander *v.* Hoffman, 5 Watts & Serg. 384. It is clear we were liable for the provisions furnished our agent, and the payment therefore was not

voluntary. The account was also evidence, as an account stated, by reason that there was no objection.

*Boyd*, contrà.—The books were merely used to show the amount; we proved we carried the goods for defendant alone; for this they are evidence; Linn *v.* Naglee, 4 Whart. 97; 1 Watts & Serg. 356; so in 5 Serg. & Rawle, 410, though there be no charge against the party. Their regularity was left to the jury. We are not liable for the captain's private debts.

*March* 31. SERGEANT, J.—The first bill of exceptions in this case is to the admission in evidence, on the part of the plaintiff, of a book containing entries proved to be in the handwriting of John Messer Smith, and in his possession at his decease. It seems that although there was originally an action of trover and conversion brought by Messer Smith, for a moiety of the boat Sea Gull, yet it was afterwards agreed that the cause should be tried on its merits, without regard to form: that is to say, I presume, that the plaintiff should recover whatever balance should appear to be due to him from the defendant. The plaintiff alleged the defendant had sold him half the boat, to be paid for partly in a note of other persons, handed over to the defendant, and partly by carrying lime on defendant's account during the years 1842 and 1843, for the freight of which the plaintiff was to have credit. It was to this part of the case these entries are supposed to relate, and the book would seem to have been offered to show the carrying of the lime, and the amounts and times. But on examining these entries, they do not appear to relate to the matter in contest. There is no charge in them against the defendant Rambo, or, indeed, against any one. They are mostly memoranda of lime carried for divers persons, and of the receipt of cash for so doing. Thus the first entries, as, " Sept. 27, To Wm. McDowell, 2100, and received in cash $5. Oct. 8, Landed for Polk, 1366 bushels, and received in cash $3\frac{1}{2}$ per 4681," and so on; so that it would seem the lime was carried on account of various persons, on freight, and the cash received, and there is no charge of an outstanding claim against any one. Besides which, book entries are not ordinarily admissible to prove a special contract, or the performance of it. We therefore think the court below erred in receiving this evidence.

The second and third bills of exceptions are to the rejection of the book kept by Eder, and of the statement of the account between Rambo and Messer Smith, copied from it. The book itself would not be evidence of cash or credit transactions, if kept by one party only, or his agent. It is asserted that Eder was the agent of both parties,

but the evidence does not show this. We think, however, the account contained in the book, according to which Eder says he made a settlement with Messer Smith, showing the same balance, and of which he gave Messer Smith a copy, was evidence to go to the jury. Even an account current furnished by one party to the other, if not objected to in a reasonable time, becomes a settled account; Bainbridge v. Wilcocks, Bald. 536; Jones v. Dunn, 4 Watts & Serg. 109. Without saying, in the case before us, that it was a settled account, either by the want of objection, or by the evidence of settlement, it was certainly, we think, primâ facie evidence to go to the jury to show the items of dealings between these parties, and the balance.

5th error.—In the matter assigned as error in the charge of the court as to the two items of provisions, and work furnished the boat, we are of opinion the court below erred in instructing the jury that the defendant paid these bills as a volunteer, and could not charge the plaintiff with them; for if they were necessaries furnished to the boat by order of the master, the owner of the boat was liable for them as well as the master; Story's Abbott on Shipping, 101; Holt on Shipping, 822; 1 Term Rep. 108; 2 Vern. 643; 2 Stra. 816; 3 Kent's Com. 133. If, therefore, Rambo was owner of the boat at the time these bills were contracted, and they were contracted by Messer Smith as the master, the defendant would be liable, and might legally pay them and charge the plaintiff in account.

The other errors are not substantiated.

Judgment reversed, and venire facias de novo awarded.