## Wall *versus* Dovey *et al.*

1. "Book entries" in the Affidavit of Defence Law means the entries in the original book which would be competent to go to a jury as evidence of plaintiff's claim.

2. An account containing merely items not appearing to be charged to any one is not one on which judgment can be entered for want of an affidavit of defence. They could not be given in evidence with proof that they were intended to charge the defendant.

3. The account must on its face fasten a liability on the defendant before he can be required to deny their genuineness or set up matter of defence.

January 12th 1869. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 1, to July Term 1868.

This was an action of assumpsit, commenced February 29th 1868, by John J. Dovey and others, trading as Dovey, Buckley & Co., against John Wall.

The plaintiff filed a copy of book entries as follows:

" 1867—Oct. 30th.    To 11.05 tons of lump coal at
               $2.50     .     .      $28.12
               A number of items follow on
               same date, making an aggre-
               gate of    .     .     .     .     $141.05

" Nov. 30th.    23.08 chest. " $3.23, $75.85
               With other items following on
               same date, making    .    .      338.10

                                          $479.15

" Cr.—Nov. 30th.    By 11.05 tons lump coal at
               $2.50    .    .     $28.12
               Tolls as above $2.08,    23.40      51.52

      Balance due Dovey, Buckley & Co..    .     .     $427.63"

The copy commenced as above stated, without any heading whatever.

The defendant filed the following affidavit of defence:—

" John Wall, the above defendant, doth depose and say, that he is advised and believes that the copy of book entries filed in the above case is not such a copy as entitles the plaintiff to judgment under the Act of Assembly."

The court entered judgment for $436.10 for want of a sufficient affidavit of defence, which on the removal of the case to the Supreme Court was assigned for error.

*E. R. Worrell,* for plaintiff in error.—The entries must be

[Wall *v.* Dovey.]

such as would be permitted to go to a jury: Hamill *v.* O'Donnell, 2 Miles 101; Hough *v.* Doyle, 4 Rawle 291; Alexander *v.* Hoffman, 5 W. & S. 384; Gamber *v.* Wolaver, 1 Id. 66; Clark *v.* Dotter, 4 P. F. Smith 215; Shaw *v.* Baildon, 1 Tr. & H. Pr. 334, note *f.*

*J. C. Longstreth*, for defendants in error.

The opinion of the court was delivered, January 18th 1869, by SHARSWOOD, J.—Under the Act of March 25th 1835, Pamph. L. 88, in all actions instituted in the court below for the recovery of book debts, to entitle the plaintiff to a judgment for want of an affidavit of defence, it is required that he should file in the office of the prothonotary, within two weeks after the return of the original process, a copy of the book entries on which action has been brought. It was held in that court, soon after the passage of the act, that the words "book entries" mean the entries in the original book of the plaintiff, which, under the ordinary rules would be competent to go to a jury as evidence in support of the plaintiff's claim: Hamill *v.* O'Donnell, 2 Miles 101. In that case judgment had been entered, but on a rule to show cause why it should not be set aside, as it appeared on examination that the copy filed was a copy of ledger entries, the rule was made absolute. This is the only safe principle on which the act can be administered. It confers a special power to enter a compulsory judgment against a defendant, and is in derogation of his right to a trial by jury. The legislature did not say, because it did not mean, that on filing any claim for a book debt the plaintiff should be entitled to judgment, but it must be a copy of "book entries," and the implication is a necessary one, that they must be such book entries as, when duly proved, will entitle the plaintiff to recover. The plaintiff is not required to support his claim by oath or affirmation, why then should the defendant be put to his affidavit of defence, unless the copy filed shows a primâ facie case? The same rule applies to "bills, bonds, notes or other instruments of writing for the payment of money." They must fasten on their face, if genuine, a liability on the defendant, before he can be required to deny the genuineness or set up what may be matter of defence. In this case the book entries contain no charge against the defendant. They could not be given in evidence even with ancillary parol proof that they were intended to charge him. The plaintiff or clerk who made the entries could not supply the defect by his oath. These principles are so plain and well settled that they need no citation to sustain them, but I may refer to Hough *v.* Doyle, 4 Rawle 291, and Rogers *v.* Old, 5 S. & R. 404.

Judgment reversed, and *procedendo* awarded.