# A. & S. Wilson Company *v.* Reighard, Appellant.

*Pleading—Practice—Variance—Statement of claim—Evidence—Indebitatus assumpsit—Express contract.*

1. In an action to recover for labor and materials where the statement of claim contains the common counts in indebitatus assumpsit and on a quantum meruit and a detailed statement of the work done and materials furnished, the plaintiff is not defeated of his right to recover because at the trial he proves an express oral contract.

2. At common law there was not a variance where an express promise not under seal and fully performed was proved under a declaration in indebitatus assumpsit. The rule has not been changed by the procedure act of 1887.

Argued Oct. 25, 1910.   Appeal, No. 128, Oct. T., 1910,

by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1906, No. 373, on verdict for plaintiff in case of A. & S. Wilson Company v. D. P. Reighard. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit for labor and materials. Before KENNEDY, P. J.

The plaintiff's statement of claim was as follows:

The A. & S. Wilson Company, the plaintiff above named claims of D. P. Reighard, the defendant above named, the sum of $1,324.95, with interest from June 1, 1903, and for a statement of its cause of action says:

A. & S. Wilson Company, the plaintiff above named, is a corporation organized and existing under and by virtue of the laws of the commonwealth of Pennsylvania, and has its principal office and place of business in the city of Pittsburg, Pennsylvania.

That at the instance and request of the defendant, the plaintiff, on or about June 1, 1903, furnished the materials and performed the labor specified in exhibit "A" hereto attached and made a part hereof. That the aforesaid exhibit is a true and correct copy of the account of the plaintiff with the defendant as taken from the plaintiff's books of original entry; that the prices charged for the said materials and labor as shown upon said exhibit "A" are fair and reasonable and were the usual, ordinary and going prices for similar labor and materials at the time said labor was done and materials furnished by the plaintiff to the defendant, and that the defendant has promised to the plaintiff to pay the same.

That at the instance and request of the defendant the plaintiff did, on or about June 1, 1903, perform other work and furnish other materials for the defendant, all of which are shown on exhibit "B" hereto attached and made a part hereof. That the prices charged in said exhibit "B" are fair and reasonable, and at the time said materials were furnished and labor done were the usual,

ordinary and going prices for similar work and materials, and that the defendant promised to pay the same. That the defendant has paid to the plaintiff the sums of money at the time and in the amounts shown in exhibit "C" hereto attached and made a part hereof, but defendant is not entitled to any other credits and has not made any other payments.

That the defendant, by his agent and architect, has accepted the work so done and materials so furnished by the plaintiff, and has agreed and acknowledged to the plaintiff that the prices set forth on exhibits "A" and "B" are fair and reasonable prices, and that the defendant owes the sum to the plaintiff.

That the defendant is justly and truly indebted to the plaintiff in the sum of $1,324.95, with interest thereon from June 1, 1903, which amount the defendant has neglected and refused and still does refuse to pay, although payment has often been demanded by the plaintiff.

Verdict and judgment for plaintiff for $1,838.36. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*W. A. Griffith*, with him *D. E. Mitchell* and *C. A. Lambie*, for appellant.—An examination of the proofs offered by plaintiff and the rulings of the court will show that plaintiff attempted to recover not only upon a quantum meruit, but upon an express parol contract that it was to furnish certain material and labor in the doing of certain work for defendant at cost plus ten per cent.

We submit that since the passage of the procedure act of 1887 this is not permissible: Clark v. Lindsey, 7 Pa. Superior Ct. 43; Hale v. Hale, 32 Pa. Superior Ct. 37; Leh v. D., L. & W. R. R. Co., 30 Pa. Superior Ct. 396; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508.

*David A. Reed*, of *Reed, Smith, Shaw & Beal*, for appellee.—This statement of claim was clearly sufficient

under the procedure act of 1887: Bridgeman Bros. Co. v. Swing, 205 Pa. 479; Steelton Planing Mills Co. v. Kunkel, 20 Pa. Superior Ct. 72; Marshall v. Curry, 23 Pa. Superior Ct. 143; Kamber v. Becker, 27 Pa. Superior Ct. 266.

The procedure act of 1887 being intended to diminish, not to increase, the technicality of our rules of pleading, plainly we are entitled to have our statement of claim construed as liberally as it would have been construed before the passage of that act. The legislature did not intend to abolish all the well settled principles of pleading which were in force up to 1887: Kelly v. Foster, 2 Binney, 4; Miles v. Moodie, 3 S. & R. 211; Harris v. Ligget, 1 W. & S. 301; Eckel v. Murphey, 15 Pa. 488.

PER CURIAM, January 3, 1911:

This action was to recover for labor and materials furnished for the completion of a building. The statement of claim contained the common counts in indebitatus assumpsit and on a quantum meruit and a detailed statement of the work done and materials furnished together with an item of profit of ten per cent on the cost. Various grounds of defense were set up by the affidavit of defense, but the employment was admitted and an express agreement to pay cost plus ten per cent was averred. At the trial the plaintiff proved an oral contract as averred by the defendant. It is claimed that there was a variance between the allegations and the proofs and that the plaintiff was not, under the pleadings entitled to recover on the express oral contract.

At common law there was not a variance where an express promise, not under seal, and fully performed was proved under a declaration in indebitatus assumpsit: Kelly v. Foster, 2 Binney, 4; Harris v. Ligget, 1 W. & S. 301; Eckel v. Murphey, 15 Pa. 488; Brown v. Foster, 51 Pa. 165. In the case last cited it was said: "However anomalous it may seem that the law should imply a promise when there is an express one, it is no longer to be

doubted that when the work stipulated to be done by an unsealed written contract has been fully completed, there may be a recovery in general indebitatus assumpsit for its value." The statement of claim was sufficient under the procedure act of 1887: Bridgeman Bros. Co. v. Swing, 205 Pa. 479; and the evidence was admissible under it.

We find no merit in any of the assignments of error and the judgment is affirmed.