## Jobe *v.* Mondereau, Appellant.

*Attorney and client—Accounting for proceeds of mortgage—Evidence.*

In an action by an executor against an attorney at law, to recover the proceeds of a mortgage collected by the defendant and for which it is alleged he did not account for to the deceased, where the plaintiff testifies that the defendant had admitted that he had collected the mortgage, but had not paid over the proceeds, and the defendant does not deny such admission, but claims that he stated to the plaintiff that he had immediately invested the proceeds in another mortgage for the deceased, it is reversible error to refuse to admit in evidence the second mortgage, which showed on its face that it was executed the day following the satisfaction of the first mortgage, that the name of the decedent appeared as one of the mortgagees, that the sum payable to her was precisely the same, and that the same person was comortgagee of the deceased in both mortgages.

*Evidence—Book of original entry—Memorandum of moneys received.*

A memorandum of moneys received and paid out, entirely made up of cash items, and not containing any charges against any person, is not a book of original entry.

312     JOBE *v.* MONDEREAU, Appellant.

Syllabus—Statement of Facts. [67 Pa. Superior Ct.

Argued April 12, 1917.   Appeal, No. 1, April T., 1917, by defendant, from judgment of C. P. Crawford Co., Sept. T., 1915, No. 111, for plaintiff n. o. v. in case of Clyde D. Jobe, Executor of Last Will and Testament of Minnie Jobe, deceased, v. Isaac Mondereau.   Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ.   Reversed.

Assumpsit to recover the proceeds of a mortgage.   Before PRATHER, P. J.

At the trial it appeared that the defendant, a practicing attorney, collected for the plaintiff's testator the sum of $650 on a mortgage.   The plaintiff testified that the defendant had admitted to him that he had collected the mortgage and never accounted for the proceeds.   The defendant did not deny such admission, but testified that he had also told the plaintiff, in the conversation, that he had immediately reinvested the proceeds in another mortgage for the deceased.   The date of the satisfaction of the first mortgage was April 11, 1913, and was acknowledged by H. B. Rushmore and Minnie Jobe.

Plaintiff made the following offer:

"Mr. Best: We offer in evidence a mortgage given by W. B. Knolle to Minnie Jobe, H. B. Rushmore and others, made the 12th day of April, 1913, and recorded in Mortgage Book No. 84, page 243.

"Objected to as irrelevant and immaterial for any purpose whatever in this case.

"Mr. Best: This is offered to show that within four days after the money was received, that this mortgage for six hundred and fifty dollars was given by Knolle to Minnie Jobe; the mortgage was given for more money, but the mortgage specifies that six hundred and fifty dollars of that money, or that part of the money, is a mortgage of Minnie Jobe.

"Objected to as irrelevant and immaterial.

"Objection sustained and bill of exceptions sealed for the defendant."   (3)

311, (1917).] Statement of Facts—Opinion of the Court.

"Mr. Best: We offer in evidence the books of Mr. Mondereau, showing the transaction of the payment of the loan on the close mortgage and the application of the money thereafter.

"Objected to as incompetent for two reasons: it purports to be happenings which occurred in the lifetime of the plaintiff decedent, Minnie Jobe, prior to her death, and entries made, purporting to have been made by the defendant, Isaac Mondereau. Furthermore, they are not books of account that are by law permitted to be offered in evidence for the purpose of showing anything; they are not books of transactions from day to day of all business performed, and purport to be entries with reference to cash transactions, which is a subject not covered by books of entry. They are not books kept in the regular course of business. Cash items, either receipts or payments, are not subject of book account, which may be entered as books of original entry or books in the regular course of business and offered in evidence. Furthermore, on their face, these were entered during the life of decedent.

"Objection sustained and bill of exceptions sealed for the defendant." (4)

The court directed a verdict for the defendant which was duly rendered. Subsequently judgment was entered for plaintiff n. o. v. for $764.30.

*Errors assigned,* amongst others, were (2) in entering judgment for plaintiff n. o. v. and (3, 4) rulings on evidence quoting the bill of exceptions.

*Wesley B. Best,* with him *John D. McCoy,* for appellant.

*Frank J. Thomas,* for appellee.

OPINION BY TREXLER, J., July 13, 1917:

This is a suit brought to recover the sum of $650 which

the defendant received upon repayment of a mortgage loan due the plaintiff and which it is claimed the defendant never accounted for. When Minnie Jobe died there was no evidence of any indebtedness existing between defendant and her. The mortgage was satisfied of record and it did not appear to whom the money was paid. The proof of an existing debt is sought in a conversation had between decedent's executor and the defendant in which the latter admitted that he had collected the money secured by the mortgage and had not paid it to decedent. The defendant does not deny making this admission but testified that he at the same time told the executor that the money he had received was immediately reinvested in another mortgage giving the details. The executor denied that anything of the kind was said. This raised a question as to the veracity of the two parties to the conversation. The defendant in corroboration of his statements offered in evidence a mortgage bearing date the day following the satisfaction of the first mortgage. In the new mortgage the name of the decedent appears as one of the mortgagees and the sum payable to her is precisely the same. The name Rushmore appears as one of the mortgagees in the first mortgage and likewise appears in the second.

We have thus four factors bearing upon the question whether the proceeds of the first mortgage went into the second, the identity of the mortgagee, the proximity of the date, the likeness of the amount and the presence of the same comortgagee. We may also add that defendant's name as attorney is appended to the certificate of the residence of the mortgagees in the second mortgage. The courts excluded the offer of the mortgage. We think it was competent. There was sufficient evidence to submit the matter to the jury as to whether the facts bore out the statement made by the defendant that he had reinvested the money in the second mortgage. It was some corroboration of defendant's story. Had there been a long interval of time and evidence of frequent loans, the

similiarity pointed out above of the two transactions may have been supposedly fortuitous, but the one transaction following the other at an interval of but one day coupled with the other facts above set forth, we think justify the inference, if the jury would so look at the matter, that the same money went into the second mortgage that came from the first.

There is another matter in the case which we need but give passing notice. The defendant offered what he claimed to be a book of original entry in which there is an item showing that the $650 of Minnie Jobe was reloaned to William Knolle. The account does not bear any of the indicia of a book of daily entries. It is merely a memorandum of moneys received and paid out by the defendant entirely made up of cash items and not containing any charges against any person. The court properly excluded it.

The first three assignments of error are sustained. The judgment is reversed with a venire facias de novo.