# Philip Gordesky and Sidney Gordesky, Copartners, Trading as the Franklin Tobacco Company, *v.* Rose Ginsburg, Appellant.

*Contracts—Assumpsit—Indebitatus assumpsit—Quantum meruit —Pleading—Practice—Variance—Express oral contract.*

In an action of assumpsit to recover for merchandise sold and delivered, where the statement of claim contained the common counts in indebitatus assumpsit and on a quantum meruit and a copy of plaintiffs' book account, the plaintiffs are not deprived of their right to recover because at the trial they proved an express oral contract.

*Misstatement of facts to jury—Charge of court.*

Where a misstatement of a fact made by the court below in the charge to the jury is irrelevant to the issue and the evidence fully justifies the verdict, the judgment entered on such verdict will not be disturbed.

Argued October 2, 1923. Appeal, No. 28, Oct. T., 1923, by defendant, from judgment of the Municipal Court of

Philadelphia, Feb. T., 1922, No. 532, on verdict for plaintiffs, in the case of Philip Gordesky and Sidney Gordesky, copartners, trading as The Franklin Tobacco Company, v. Rose Ginsburg. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover for merchandise sold and delivered. Before WALSH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs in the sum of $773.71 and judgment thereon. Defendant appealed.

*Error assigned* was refusal for defendant's motion for judgment non obstante veredicto.

*Alfred E. Reynolds,* and with him *Lester Bowman,* for appellant.—The allegata and probata must agree: Clever v. Garner, 133 Pa. 419; Ryder v. Jacobs, 182 Pa. 624; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508.

*Harry S. Abrams,* for appellee.

OPINION BY GAWTHROP, J., November 19, 1923:

This was an action to recover for merchandise sold and delivered. The statement of claim contained the common counts in indebitatus assumpsit and on a quantum meruit and a copy of plaintiffs' book account. Defendant set up in her affidavit of defense that she did not purchase or enter into any contract for the purchase of goods from plaintiff, that she did not order or receive any merchandise from plaintiff, and averred that the goods were sold to her husband, Louis Ginsburg, on the day on which the goods were charged to her by plaintiff, and that he ordered the goods and agreed to pay for them. At the trial plaintiff proved an oral contract with de-

fendant for the delivery and the delivery to her by it of merchandise amounting to $716.40.

Two questions are raised. It is claimed that there was a variance between the allegations and the proofs, and that plaintiff was not entitled, under the pleadings, to recover on an express oral contract. This question was settled adversely to appellant in A. & S. Wilson Co. v. Reighard, 230 Pa. 141, in which it is held that there is not a variance where an express promise, not under seal, and fully performed was proved under a declaration in indebitatus assumpsit.

The other complaint is of the statement of the trial judge in his charge that "the defendant, in the affidavit of defense, admits the delivery." This statement by the judge was not strictly accurate. But the jury could not have been misled and the defendant could not have been harmed by the statement because defendant admitted in her testimony that she receipted for the goods that came to the store from all houses. The issue was not delivery, but whether defendant ordered the goods and agreed to pay for them. This was submitted in a charge free from error, and the evidence fully justifies the verdict.

The judgment is affirmed.