## Pringle v. Neff, Exctx., Appellant.

Argued October 23, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Lisle D. McCall,* and with him *E. G. Boose,* for appellant.

*John J. Pentz,* and with him *W. C. Pentz* and *Ross H. Pentz,* for appellee.

OPINION BY PARKER, J., April 16, 1934:

The plaintiff recovered a judgment in the common pleas court against the defendant executrix for work and labor alleged to have been furnished by plaintiff to the defendant's testatrix; defendant, having appealed, complains of the refusal of her motions for a new trial and for judgment n. o. v.

The plaintiff sought to recover from the executrix the value of work and labor furnished by him to his aunt, Catherine McKain, during a period extending from February, 1926, to May, 1931. In support of his claim he offered evidence tending to show that he was a coal miner living with his wife and five children and did not have steady employment; that he had entered into a parol contract with his aunt, who owned a number of houses, to do the necessary carpenter work, painting, paper hanging, and other repairs thereon for which he was to be paid the fair value of the service; that he did some work on the properties; and that the aunt did not have the money necessary to pay him and told him to keep an account of his services. He was unable to show by others the dates and items or other specifications of the work per-

formed and, as his mouth was closed by the death of his aunt, depended on an alleged account in a book to show the work performed.

The book in question was a time book, which had been discarded after use by a coal company and found by the plaintiff, with blank pages on which plaintiff entered the time he worked in the mine. At another place in the book there were over three hundred items dated and in chronological order. These items, however, did not show a charge to any person. Mrs. Mc-Kain's name was not at the head of the account or mentioned in any other place. More than two-thirds of the items were in this style: "1926 Dec. 1, 6 hours 3.00." Other items were entered thus: "1926 June 8, Tarring roof 5 hours 2.50; August 4, Cleaning house, 314 Daly St. 8 hours 4.00." Is this such a book as is admissible in an action against the executrix of a decedent? We are all of the opinion that it is not and that it was reversible error to admit it.

"Books of original entries, verified by the oath of the party, and that the entries were made by him, have always been received in evidence in Pennsylvania, from necessity, as business is very often carried on by the principal, and many of our tradesmen do not keep clerks. In the country there would be a stagnation of all credit if this were not the case. It is superfluous to cite authorities to prove a course of proceeding, so notorious to all conversant in courts of justice": Curren v. Crawford, 4 S. & R. 2, 4. The early cases are full of expressions that such evidence is received only from necessity and that the custom to which such necessity gave rise extended only to goods sold and labor performed; that it was exceptional and dangerous in character and would not be extended: Fulton's Estate, 178 Pa. 78, 87, 35 A. 880. It has been held that the books must show that they are kept in the regular routine of business: Fulton's Estate,

supra; that unconnected slips of paper showing charges are not admissible as books of original entries: Thompson v. McKelvey, 13 S. & R. 126; that entries even in a regular book are not evidence of the sale of an article not in the party's business; Shoemaker v. Kellog, 11 Pa. 310; Stuckslager v. Neel, 123 Pa. 53, 16 A. 94; that they are not admissible to prove delivery of goods pursuant to a previous contract: Hall & Co. v. Woolen Co., 187 Pa. 18, 22, 40 A. 986; Lonergan v. Whitehead, 10 Watts 249.

As peculiarly pertinent to the present inquiry, it has been held that a book which does not charge or purport to charge the defendant is not admissible on behalf of the plaintiff. In Alexander v. Hoffman, 5 W. & S. 382, the parties entered into a contract whereby Hoffman agreed to chop wood, rake leaves, and perform other service. A book offered for the purpose of making out the case was held not admissible "because the book does not purport to charge the defendant." In the case of Wall v. Dovey, 60 Pa. 212, the Supreme Court said: "In this case the book entries contain no charge against the defendant. They could not be given in evidence even with ancillary parol proof that they were intended to charge him. The plaintiff or clerk who made the entries could not supply the defect by his oath. These principles are so plain and well settled that they need no citation to sustain them, but I may refer to Hough v. Doyle, 4 Rawle 291, and Rogers v. Old, 5 S. & R. 404." Also, see Donahue v. Connor, 93 Pa. 356; Jobe v. Mondereau, 67 Pa. Superior Ct. 311, 315. Neither the account nor the items purport to charge Catherine McKain and they were therefore inadmissible.

It is argued, however, that this case may be distinguished by reason of the fact that there was a special contract by which the plaintiff was to keep such an account. The difficulty with this suggestion is that

the account does not show, and there is no other competent proof tending to show, that this account was kept pursuant to such an agreement. The performance of a contract or the payment of money under a special agreement is not provable by books of account as the transaction is taken out of the usual course of business dealings. In Schnader v. Schnader, 26 Pa. 384, 386, Mr. Justice Lowrie said: ''Though it is very evident that nearly all this work was done for William Schnader, by Michael Schnader, on a special contract, yet nothing of this appears in the evidence in chief, given by the plaintiff to the jury. If it had appeared, then the admission of the plaintiff's book entries would have been improper: 10 Watts 249; 4 W. & S. 290; 5 Id. 384. But book entries are evidence of work and labor done where there is no special contract, and at the time when they were offered they appeared to be admissible on this principle.'' There are numerous cases to the same effect: Lonergan v. Whitehead, supra; Nickle v. Baldwin, 4 W. & S. 290; Phillips, Admr., v. Tapper, Admr., 2 Pa. 323; Stuckslager v. Neel, supra; Hall & Co. v. Woolen Co., supra. An examination of the book will demonstrate that it does not measure up to the standard required to make it admissible. The items, without exception so far as the book discloses, might have represented labor performed for any person. On the other hand, there is one significant item which would seem to indicate that this was a mere time book: ''1928 Aug. 24, went to mines 8 hours 6.00.'' To admit such a book would go far beyond anything yet decided.

This is a proper case for the granting of a new trial rather than the entry of a judgment n. o. v. The plaintiff relied upon the correctness of the ruling of the court admitting the book and did not furnish other competent evidence to make out a necessary element of his case, and should not be penalized for so doing.

The remaining argument of appellant is directed to the claim that the allegata and probata did not agree. While it is a serious question whether the court would have been justified in entering judgment for the defendant or excluding proofs on this ground (Sidwell v. Evans, 1 P. & W. 383, 387; Brown v. Foster, 51 Pa. 165, 170; Wilson v. Reighard, 230 Pa. 141, 144, 79 A. 243; Stegmaier v. Keystone Coal Co., 225 Pa. 221, 230, 74 A. 58; Tarentum Lumber Co. v. Marvin, 61 Pa. Superior Ct. 294, 296; Dunlap v. Franklin Trust Co., 100 Pa. Superior Ct. 174), so far as we can discover the question was first raised on this appeal and, on a retrial of the case, the pleadings and evidence should be so presented to the trial court that no question can be raised as to a variance between the proofs and the allegations.

Judgment of the lower court is reversed with a venire facias de novo.