# Clymer-Jones Lithograph Company *v.* United States Fashion & Sample Book Company, Appellant.

*Contract—Printing—Defendant's supervision of work—Absence of warranty.*

1. In an action to recover money alleged to be due for printing, if it appears that the printing was done from plates furnished by the defendant, and that the work was done under the direction and supervision of an authorized representative of the defendant, and according to methods and plans which he approved, then, in the absence of a warranty, the defendant cannot complain of the quality of the completed work.

*Practice, C. P.—Pleading—Statement of claim—Contract—Variance.*

2. Where in an action of assumpsit the plaintiff does not declare expressly on an oral contract, proof produced at the trial that the contract was in writing, does not constitute a variance.

3. Where the plaintiff in an action of assumpsit for work done attaches to his statement of claim an exhibit purporting to be a true and accurate copy of the book of original entries, he may produce at the trial, without being charged with a variance, as evidence of the contract, letters, some of which were in his own possession, and others of which were in the possession of the defendant and produced at the trial on call. Under such circumstances the fact that the letters had not been attached to the statement of claim is immaterial.

Argued Oct. 18, 1911. Appeal, No. 152, Oct. T., 1911, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1910, No. 4,407, on verdict for plaintiff in case of Clymer-Jones Lithograph Company v. United States Fashion & Sample Book Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for work done. Before WILTBANK, J.

At the trial there was evidence that the action was brought for a balance alleged to be due for printing and lithographing.

The evidence showed that the printing was done from plates furnished by the defendant, and that the work was

approved by the defendant's representative as it pro-
gressed.

The plaintiff claimed in its statement for work of print-
ing and attached as an exhibit a copy of its book of original
entries.

At the trial the court admitted under objection and
exception a number of letters as evidence of the contract,
although not attached to the statement of claim. [4–11]

The plaintiff presented the following point:

If the jury believe from all the evidence that the plain-
tiff did not guarantee or warrant the work done by it
for defendant, and that the plaintiff did work under
the direction of a person designated by the defendant for
that purpose, and that such person approved the work
done by the plaintiff, and submitted to him for approval,
the plaintiff has performed its part of the contract and
is entitled to recover for the said work, unless the jury
believe the plaintiff's claim for said work was settled by
agreement between the plaintiff and defendant. *An-
swer:* Affirmed. [1]

Verdict and judgment for plaintiff for $577.06. De-
fendant appealed.

*Errors assigned* among others were (1) above instruc-
tion, quoting it; (4–11) admission letters as above.

*S. G. Birnie*, with him *I. Smith Raspin*, for appellant.—
It is submitted that the admission of the writings in evi-
dence involved a variance between the proofs and the
pleadings: Hall v. Woolen Co., 187 Pa. 18; Vallee Bros.
Electrical Co. v. North Penn Iron Co., 32 Pa. Superior Ct.
111; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Carpenter
v. Vulcanite Portland Cement Co., 211 Pa. 551; Leh v.
R. R. Co., 30 Pa. Superior Ct. 396.

*Edmund W. Kirby*, with him *W. Norman Morris*, for
appellee.—Authorities are numerous, which clearly sustain
the ruling of the lower court with reference to the ad-

missibility of the letters in question: Steelton Planing Mills Co. v. Kunkel, 20 Pa. Superior Ct. 72; Wike v. Wool-verton, 26 Pa. Superior Ct. 561; Marsteller v. Marsteller, 93 Pa. 350; Wilson v. Reighard, 230 Pa. 141; American Mfg. Co. v. Morgan Smith Co., 25 Pa. Superior Ct. 176; McGonnigle v. McGonnigle, 5 Pa. Superior Ct. 168; Scho-field v. Lafferty, 17 Pa. Superior Ct. 8; Athens Car & Coach Co. v. Elsbree, 19 Pa. Superior Ct. 618; Windows v. Ru-dolph, 37 Pa. Superior Ct. 264; Weiler v. Weiss, 25 Pa. Superior Ct. 247.

OPINION BY RICE, P. J., March 1, 1912:

This action of assumpsit was brought to recover a balance alleged to be due for printing and lithographing done by the plaintiff for the defendant. The defendant set up, as one branch of its defense, that the work was done so imperfectly that the goods delivered were not salable; that upon complaint being made by the defendant at the time of delivery, the parties orally agreed that the defendant should sell such of the goods as it could, and at the end of the year, to which time settlement was to be postponed, should pay for such as it had sold, and have credit for such as it was unable to sell; and that, at the end of the year, settlement and payment of the claim on this basis were made. There being a conflict of testimony as to the making of this alleged oral agreement and the settlement pursuant to it, the court properly submitted the question to the jury, and of this and of the manner of submission the appellant makes no complaint. The verdict of the jury, therefore, must be taken as settling the question adversely to the defendant's contention.

The question of defectiveness was also submitted to the jury, but with the qualifying instruction that, though they found the fact, yet it would not constitute a defense, if they found that the work "was passed upon and approved by the defendants," or, as the learned judge expressed the idea in the same connection, that it was "defective as a consequence of the inspection and approval of the defendants."

No complaint is made of these instructions in the general charge; but it is contended that the affirmance of the plaintiff's third point (first assignment) was reversible error. By this point, the jury were instructed that, if they found that the plaintiff did not guarantee or warrant the work, that the plaintiff did the work under the direction of a person designated by the defendant for that purpose, and that he approved it, the plaintiff had performed its part of the contract and was entitled to recover, unless they believed the claim was settled by agreement. Proper consideration of this assignment necessitates a reference to the testimony, in order to ascertain in what respects the work was alleged to be defective and what was the issue of fact as to that matter and as to how the defects arose. The goods were fashion plates intended for sale to wholesale clothiers and merchant tailors to show the styles, created by the defendant, for men's clothes. The defendant's president, being asked to state why certain of these plates, called banners, lithographed by the plaintiff, were not salable, and to point out the faults, testified: "I mean to say that the lithographing there and the muddling up of the colors is such that it would be impossible for anybody in the business that I know of to take any orders from these banners, and that is the purpose for which they were made." Again, he said: "The general looks of those banners right there show that the faces and the fabric and everything pertaining to them is so out of keeping with what they ought to be that it does not seem to me it is necessary for a trained eye to form an opinion on it. This one here shows all spots of black filling up all through it. The eyes are bad. The faces are bad. In fact the whole appearance of it is anything but good, and these are even worse still." Speaking of the faults, he said: "The fault of that is all over the whole thing, the manner in which it is produced, is all so thickly muddled up that it is hardly possible to tell just what it is intended to represent. We have been getting out banners for a good many years and I never had anything that we have been compelled to present to the trade such as this." In con-

nection with this, we refer to the testimony of a witness for the plaintiff, who was qualified to speak on the subject. He said: "We just did the printing. The United States Sample Book Company did the supervision in their own factory by their own man; O-K'd and inspected the proofs and everything. Q. What did you get from the sample book company? A. Paper and plates. They made their own plates. Q. For this work? A. Yes, sir. Q. Getting paper and plates, what did you do? A. We printed them. That is all we did." He further said, as to the complaint: "The coloring did not suit them after they had got the colors all printed on." In the same connection, he testified: "In fact, they superintended the whole job in our factory —coloring, making colors, mixing colors. We suggested colors for improvement. They completely vetoed them and put their own colors. The proofs were submitted. They O-K'd them before we went ahead with the work." If the plaintiff's case depended on the fact that the completed plates were approved by the defendant, the submission of the case in the manner requested by this point was erroneous, because, as appellant's counsel correctly say, there was no evidence of that fact. On the contrary, the plaintiff's own witness admitted that the defendants objected that the plates were not satisfactory and did not come up to their expectation. But when the point is read in connection with the instruction in the general charge and in the light of the evidence, we are convinced that the jury could not have taken this meaning from it. Thus viewed, the evident meaning of it was that, if the work was done under the direction and supervision of an authorized representative of the defendant, and according to methods and plans which he approved, then, in the absence of a warranty, the defendant was not in position to complain of the completed work. As matter of law, this was correct, for the plaintiff did not agree that the completed work should be satisfactory to the defendant or come up to its expectations: Farwell v. Kohler, 1 Penny. 94. It was also correct as the submission of a question of fact which

fairly arose out of the evidence. This assignment is over-ruled.

The other question arises out of the admission of certain letters written by the plaintiff to the defendant, and other letters written by the defendant to the plaintiff, which it is claimed made the contract or contracts between the parties. The objection made to the admission of these letters was that it involved a variance between the proofs and the pleadings. The plaintiff declared for lithographing and printing done "for the defendant at its special instance and request, and for which defendant agreed to pay." Attached to the declaration was an exhibit purporting to be a true and accurate copy of the book account between the parties, taken from the plaintiff's books of original entries. This showed the dates and items of work done and the prices charged for the same; and it was averred in the statement that the prices charged are the usual market prices. The letters referred to were not attached to the statement, but it is to be noticed that the defendant filed an affidavit of defense without raising the objection that they were not attached, and the objection was made, for the first time, after the plaintiff's book of original entries had been rejected as evidence of the claim. It is to be noticed further, that some of these letters were in the plaintiff's possession, and others were in the defendant's possession, the latter being produced, on call made at the trial. The case relied upon by the appellant's counsel, as sustaining their contention that there was a variance, is Wilkinson Mfg. Co. v. Welde, 196 Pa. 508. The point there decided was, that where in an action of assumpsit the defendants deny in their affidavit of defense that they executed the contract sued upon and plead non assumpserunt, and at the trial produce, in pursuance of notice, the real contract, the plaintiffs will not be permitted, unless they amend their statement, to offer the same in evidence, it being materially different from the one declared on. Briefly, the plaintiff declared on a written contract, and attempted to recover on a written contract materially

different from that declared on. The distinction between that case and the present is apparent. The plaintiff did not attempt to recover on a different contract from that declared on; it had not declared expressly on an oral contract, and, therefore, proof that the contract was in writing did not constitute a variance. This position is sustained by the following extract from the opinion of the Supreme Court in A. & S. Wilson Co. v. Reighard, 230 Pa. 141: "At common law there was not a variance where an express promise, not under seal, and fully performed was proved under a declaration in indebitatus assumpsit: Kelly v. Foster, 2 Binney, 4; Harris v. Ligget, 1 W. & S. 301; Eckel v. Murphey, 15 Pa. 488; Brown v. Foster, 51 Pa. 165. In the case last cited it was said: 'However anomalous it may seem that the law should imply a promise when there is an express one, it is no longer to be doubted that when the work stipulated to be done by an unsealed written contract has been fully completed, there may be a recovery in general indebitatus assumpsit for its value.'" Applying that principle here, the objection is not that the declaration did not set forth a good cause of action, or that there was a variance, but that the plaintiff had not complied with the provision of the act of May 25, 1887, P. L. 271, that, in the action of assumpsit, the plaintiff's declaration "shall be accompanied by copies of all notes, contracts, book entries," etc. We assume that if this objection had been raised in limine, by affidavit of defense or otherwise, it would have prevented summary judgment. The defendant did not raise or suggest it or request a bill of particulars; but, on the contrary, pleaded the general issue and went to trial. As the case then stood, it could not be said that the plaintiff had not set out the whole of its contract, any more than it could be said in the case last cited; the most that could be urged is that it had not set out the written evidence of its contract. Nor could it be said that this evidence tended to prove another and a different contract from that pleaded. Hence, we conclude, the objection that the letters, some of which were in the de-

fendant's possession, had not been attached to the statement, was not sufficient to require their exclusion.

All the assignments of error are overruled and the judgment is affirmed.