# Lehigh Valley National Bank *v.* Ott, Appellant.

*Promissory notes—Accommodation notes—Partnership—Harmless error.*

1. In an action by a bank against a son as surviving partner of a firm composed of the defendant and his father, on a promissory note, where it appears that the note was endorsed by the father with the firm name in his lifetime as an accommodation of the maker, a verdict and judgment for the plaintiff will be sustained, where the testimony fully warrants a finding by the jury that the firm's business included the making of accommodation paper, and that to the knowledge of both partners such paper was frequently made by the firm, and that the note in suit was the last of several renewal accommodation notes, one of which renewal notes had been signed by the son.

2. In such a case it is proper to admit testimony offered for the purpose of showing that the son furnished the bank a statement of the firm's liability after his father's death, where such statement tends to show an admission by the defendant of his liability on the note.

3. The admission of incompetent evidence is not ground for a reversal where it has worked no injury by its admission.

Argued March 4, 1912.  Appeal, No. 163, Jan. T., 1912, by defendant from judgment of C. P. Northampton Co., Nov. T., 1910, No. 76, on verdict for plaintiff in case of

Lehigh Valley National Bank v. Robert B. Ott, surviving partner of the firm of Robert J. Ott & Son, composed of Robert J. Ott and Robert B. Ott, Administrator of Robert J. Ott, deceased. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit against endorsers on a promissory note. Before HEYDT, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

At the trial when Robert B. Ott was on the stand he was asked this question:

Q. Do you recollect furnishing the bank with a statement of the condition of the assets and liabilities of your firm soon after your father died?

Objected to as incompetent and immaterial.

Mr. Doster: I propose to show now by this witness that they furnished a statement of their liabilities which amounted to $12,000, and that our note was included in that amount.

The Court: That is, that this note now in suit was included in that statement?

Mr. Doster: Included in that statement, although not specified, but the total indebtedness is the same, including the $2,300 note.

The Court: Objection overruled; bill sealed for defendant. [1]

George W. Holloway, sworn in behalf of plaintiff in rebuttal.

Direct Ex. by Mr. Doster.

Mr. Doster: We propose to prove by this witness that he was the assistant cashier of the Lehigh Valley National Bank; that he is now full cashier; that he has made a copy of the credit book of the bank to show the notes made by the Otts with Brown, whether straight notes or accommodation notes, from the year 1901 to the death of Robert J. Ott, September 28, 1908.

Mr. Loos: You are cashier of the bank?

A. Yes, sir.

Q. Do you own any stock?

Objected to.

The Court: Objection sustained.

Mr. Doster: That he also made a list from the books of the bank of the accommodation notes drawn and discounted in the Lehigh Valley National Bank by Robert J. Ott & Son, the list being the same one that was testified to yesterday by Robert B. Ott; that on the death of Robert J. Ott he furnished the bank with a statement of the assets and liabilities, including among them this $2,300 note, and that at no time during these conversations did Mr. Ott claim that this $2,300 note was not paid and that he was not liable on that note.

Objected to, for the same reason, that the offer does not contain a proposition to prove that the facts were brought to the knowledge of the surviving partner during the time, and therefore would be incompetent to charge him in this suit.

The Court: Objection overruled. Bill sealed for defendant. [3]

Robert B. Ott was asked this question:

Q. Do you know how the $12,000 item of the Lehigh ` Valley National Bank was made up?

Objected to, because he has twice said he don't know.

The Court: Objection sustained. Bill sealed for defendant. [5]

Q. Did you pay to the Lehigh Valley National Bank all the indebtedness that you admitted as being correct?

Objected to.

The Court: Objection sustained. Bill sealed for defendant. [6]

Q. Can you give us a statement of the payments made to the Lehigh Valley National Bank after the death of your father?

Objected to; it makes no difference what payments were made on account.

The Court: Objection sustained.   Bill sealed for defendant. [7]

Verdict and judgment for plaintiff for $2,652.65.   Defendant appealed.

*Errors assigned* were (1, 3, 5, 6, 7) rulings on evidence quoting the bill of exceptions.

*Edward J. Fox,* with him *James W. Fox* and *N. J. Loos,* for appellant.—"Where one partner endorses a note in the name of the firm for the accommodation of a third person, without express authority from his partner, they will not be bound thereby, as against the partner endorsing the note:" Berryhill v. M'Kee, 1 Humphreys (Tenn.) 31; Fielden v. Lahens, 9 Bos. (N. Y.) 436; Whitmore v. Adams, 17 Iowa 567; Elliott v. Dudley, 19 Barbou (N. Y.) 326; Bank of Ft. Madison v. Alden, 129 U. S. 372 (9 Sup. Ct. Repr. 332) ; Shaaber v. Bushong, 105 Pa. 514; Early v. Reed, 6 Hill (N. Y.) 12.

*W. E. Doster,* for appellee.—Even if the testimony was irrelevant or incompetent, which we deny, it was harmless, and could not affect the result: Pusey v. Ledward, 1 Del. County 185; Boyd v. Boyd, 1 Watts 365; Com. v. Irwin, 1 Clark (Pa. Law J.) 344; Closser v. Washington Twp., 11 Pa. Super. Ct. 112; Wills v. Hardcastle, 19 Pa. Super. Ct. 525; Zugsmith v. Rosenblatt, 15 Pa. Super. Ct. 296.

OPINION BY MR. JUSTICE MESTREZAT, March 18, 1912:

We are all of the opinion that the record in this case discloses no reversible error, and that the judgment should be affirmed.   The controverted question in the court below was whether Robert B. Ott, surviving member of Robert J. Ott & Son and who made the real defense in the case, was liable on the note in suit endorsed by his father, the other member of the firm, in the name of the firm for the accommodation of the maker.   Robert

**B. Ott** denied that the making of negotiable paper was within the scope of the business of the firm, and alleged that he had no knowledge of and did not consent to the endorsement of the note in suit. The question was submitted to the jury by the court below in language to which no exception was taken. The learned judge charged inter alia as follows: "Now, I say to you that if it was a usual and customary thing within the scope of their business to make accommodation notes in order to raise money, either temporarily or for a longer term, to their clients on whose property they proposed to raise mortgage loans, and if this defendant, Robert B. Ott, knew that fact then Robert B. Ott would be liable for the endorsement made by his father. That is, if one partner signs or endorses an instrument in the firm's name and the other partner knows it, or consents to it, or is present at the execution, then he is as much bound by the instrument as if he had signed it himself. If it was not within the usual scope of their business, but if Robert B. Ott was present when these notes were endorsed by his father and knew about it, or if it was the arrangement between them that the father was the business end of the firm and that the younger man assented to whatever the father did, then Robert B. Ott is liable upon this endorsement." Under these instructions the jury found for the plaintiff. There is no assignment of error which raises the question of the sufficiency of the evidence to support a finding for the plaintiff on the instructions. The assignments all go to the admissibility of certain testimony. The court properly admitted the testimony offered for the purpose of showing that the defendant furnished the bank a statement of the firm's liabilities after his father's death, as it, with other evidence in the case, tended to show an admission by the defendant of his liability on the note. The testimony complained of in the third assignment was likewise competent for the same purpose. We cannot agree with the appellant that the proof did not connect the statement made

by the defendant with the note in suit. It is true there was some discrepancy in the figures but the evidence was sufficient to warrant the jury in finding that the note was included in the $12,209.49 item of the account. The other assignments are clearly without merit and need no discussion.

It may, however, be suggested that if the testimony offered was improperly rejected it did the defendant no harm. The firm of Robert J. Ott & Son was for many years engaged at Bethlehem in the business of mortgage loans and insurance. The testimony fully warranted a finding by the jury that its business included the making of accommodation paper, and that to the knowledge of both partners such paper was frequently made by the firm. It appeared that the note in suit was the last of several renewals of an accommodation note endorsed by the firm several years prior thereto, and that, while his father usually attended to this part of the firm's business, Robert B. Ott on one occasion at least renewed the note. The evidence was so conclusive that had the jury failed to find such to be the facts, it would have been the duty of the court to set aside the verdict. The exclusion of the evidence complained of in the assignments if technically erroneous may, therefore, be regarded as harmless error, and does not warrant the reversal of the judgment.

The judgment is affirmed.