# Tarentum Lumber Company *v.* Marvin, Appellant.

*Pleading—Variance—Allegata and probata—Evidence.*

Although the allegata and probata may not entirely agree, if the defendant is not misled, and the variance does not in any manner affect the trial on its merits, or set up a different cause of action, or impose any different burden on the defendant, the variance will not be considered material.

Where in an action of assumpsit the plaintiff's statement sets forth an oral contract, and the proofs establish the oral contract, and further show a confirmatory letter addressed to the defendant and in his possession, the failure of the statement to set forth the letter is not fatal variance.

*Evidence—Writings—Books of original entry.*

In an action for goods sold and delivered, leaves taken from a loose-leaf book of original entry, consecutively numbered or paged, showing quantity, quality and delivery of goods, are admissible when independent evidence is given to the effect that the material called for in the leaves was delivered, accepted and, with certain exceptions, used by the defendant.

*Contract—Building contract—Extras—Evidence—Principal and agent.*

In an action to recover a balance due on a contract for furnishing mill work and lumber to a building operation, the cost of extras may be recovered where it appeared that orders for them were given by the defendant, or his carpenter foreman, and no question is raised by defendant at the trial as to the authority of the carpenter foreman to give the orders.

Argued May 3, 1915. Appeal, No. 193, April T., 1915, by defendant, from judgment of C. P. Allegheny Co., April T., 1911, No. 466, on verdict for plaintiff in case

of The Tarentum Lumber Company v. A. N. Marvin.
Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover a balance alleged to be due for furnishing mill work and rough lumber for a building operation. Before HAYMAKER, J.

The facts are stated in the opinion of the Superior Court.

Defendant presented these points:

2. That there is a material variance between the contract or contracts set forth in the statement of claim and the contract proved at the trial.

Answer: Refused. (2)

4. That the slips which are included and marked Exhibit 2 in this case, are not evidence of the quality and quantity of the lumber and mill work alleged to have been delivered by the plaintiff to the defendant in this case.

Answer: Refused. (3)

5. That the slips marked Exhibit 2 are not evidence that the kind and quantity of lumber and mill work described thereon, were delivered to the defendant.

Answer: Refused. (4)

7. That there cannot be any recovery on account of extras in this case, except in the sum of $12.80, admitted by the affidavit of defense, as there is no evidence of purchase by the defendant of any other extras, or by any person authorized by him to purchase the same.

Answer: Refused. (5)

Verdict and judgment for plaintiff for $668.14. Defendant appealed.

*Errors assigned* were (2-5) above instructions quoting them.

*Nelson McVicar*, of *McVicar, Hazlett & Gardner*, for appellant.—That plaintiff must recover, if at all, on the

contract sued upon and not upon the contract proved: Nat. Bank v. Lake Erie Asphalt Co., 233 Pa. 421; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Conable v. Van Housen, 11 Pa. Superior Ct. 497; Mahoney v. Park Steel Co., 217 Pa. 20; Hale v. Hale, 32 Pa. Superior Ct. 37.

Detached or unconnected slips of paper are not admissible as books of entry: Scholler's Est., 53 P. L. J. 91; Holt v. Pie, 120 Pa. 425; Hall v. Chambersburg Woolen Co., 187 Pa. 18.

*Robert B. Elder,* with him *Robert B. Elliott,* for appellee.—At common law there was not a variance where an express promise not under seal and fully performed, was proved under a declaration in indebitatus assumpsit. The rule has not been changed by the Procedure Act of 1887: Clymer-Jones L. Co. v. United States F. & S. Book Co., 48 Pa. Superior Ct. 636.

OPINION BY KEPHART, J., October 11, 1915:

This is an action of assumpsit to recover the balance due on contracts for furnishing mill work and rough lumber to appellant. From a judgment in plaintiff's favor this appeal is taken. The errors assigned raise three questions.

Was there a material variance between the pleadings and proof? Plaintiff offered evidence to show that a list, attached to certain plans and specifications, was submitted to it asking for bids on the mill work provided for in said list; and another list was submitted for the purpose of securing bids on rough lumber; that two estimates or prices were given, which were afterwards consolidated into one price, and confirmed by a letter. This was orally accepted by the appellant. Defendant urges that the contract in suit was contained in this confirmatory letter. It was not averred in the plaintiff's statement of claim; and the defendant argues that the plaintiff's testimony, in relation to the letter, sets up a material variance. We cannot agree with this conten-

tion. Plaintiff proved what its statement averred. If the letter formed a part of this contract, its omission from the pleadings, and the plaintiff's evidence in relation thereto, under the facts of this case, would not constitute such a variance that worked a hardship to appellant. Appellant was not misled; he had the letter and came prepared to meet a contract made up as here indicated. Though the allegata and probata may not entirely agree, if the defendant is not misled and the variance could in no manner affect the trial on its merits, or set up a different cause of action, or impose any different burden on the defendant, the variance would not be considered material: Clymer-Jones Lith. Co. v. U. S., Etc., Co., 48 Pa. Superior Ct. 636; Walter v. Transue, 22 Pa. Superior Ct. 617. The plans and specifications were not a necessary part of plaintiff's case. There was no contention that the list upon which a bid was given and accepted was not the list that accompanied the plans and specifications.

As to the offer of the slips to prove quantity, quality and delivery, in performance of a contract for future delivery, it was shown that these slips were leaves taken from the loose-leaf book of original entry, consecutively numbered or paged. How they were made, and how the notations were placed upon them, were fully described by witnesses. Without deciding their admissibility standing alone, they certainly became admissible when independent evidence was given to the effect that the material called for in these slips was delivered, accepted, and, with certain exceptions, used by the defendant.

There was sufficient evidence to submit to the jury upon which to base a contract for extras. It appeared that these orders were given by defendant or his carpenter foreman, and the extras called for were delivered to the defendant. The authority of the carpenter foreman to buy should have been raised during the trial, and unless his authority be shown an objection should have been made to the admission of this evidence.

The assignments of error are overruled, and the judgment is affirmed.