# Ponti v. Philadelphia, Appellant.

*Negligence—Municipalities—Defective sidewalk — Evidence'—Case for jury—Pleading—Variance.*

In an action against a municipality to recover damages for personal injuries suffered by a fall on a sidewalk, a verdict for the plaintiff will be sustained where the evidence tends to show that the plaintiff fell into a hole one and one-half inches deep and ten inches square in a pavement constructed of concrete slabs, that she had no knowledge of the defect, and that the hole had existed for a long period before the accident. In such a case it is immaterial that a witness called by the plaintiff testified that the hole was about three-quarters of an inch deep.

In an action to recover damages for injuries sustained by a fall on a sidewalk there is no fatal variance where the plaintiff's statement charged "a hole" as being the defective condition of the pavement, and the proof tends to show "a depression" due to construction.

Argued Nov. 22, 1915. Appeals, Nos. 312 and 313, by defendant, from judgment of C. P. No. 4, Philadelphia Co., June T., 1909, No. 2956, on verdict for plaintiffs in case of Francesca Ponti and Francesca Ponti, Administratrix of Estate of Condoloro Ponti, Deceased. Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

428, (1916).]     Verdict—Opinion of the Court.

Trespass to recover damages for injuries sustained by a fall on a defective sidewalk. Before CARR, J.

Verdict and judgment for Francesca Ponti for $1,000 and for Francesca Ponti, Administratrix of her deceased husband, Condoloro Ponti, deceased, for $468. Defendant appealed.

*Error assigned,* among others, was in refusing binding instructions for defendant.

*Paul Reilly,* Assistant City Solicitor, with him *Thomas Boylan* and *Michael J. Ryan,* City Solicitor, for appellant, cited: Beck v. Cricket Club, 37 Pa. Superior Ct. 521; Purcell v. Riebe, 227 Pa. 503.

*Cornelius Haggarty, Jr.,* with him *Francis S. Goglia,* for appellees.

OPINION BY KEPHART, J., July 18, 1916:

The plaintiff instituted this action to recover damages for failure of the defendant to keep its streets and highways in proper repair, by reason of which neglect she was injured. She stated that she fell on a sidewalk by stepping into a hole one and one-half inches deep and ten inches square in a concrete pavement. She had no knowledge of this defect and the testimony of her witness showed that it had been in the street for a long period of time before the accident. This witness states that it was about three-quarters of an inch in depth. The plaintiff was not bound by this statement.

The evidence shows that the pavement was constructed of concrete slabs. The court could not hold as a matter of law that a hole one and one-half inches deep was such an irregularity that was to be expected in city sidewalks. Such holes in a concrete pavement may be exceedingly dangerous to pedestrians. Whether it was such an irregularity was for the jury to determine under all the evidence.

We have frequently indicated what is necessary when counsel desire to take advantage of a variance between the allegata and probata: Clark v. Millett, 57 Pa. Superior Ct. 287, and many other recent cases. Counsel has failed to heed these instructions. "Although the allegata and probata may not entirely agree, if the defendant is not misled, and the variance could in no manner affect the trial on its merits, or set up a different cause of action, or impose any different burden on the defendant, the variance will not be considered material": Tarentum Lumber Co. v. Marvin, 61 Pa. Superior Ct. 294. The variance complained of, if it could be considered such, would not be material. The plaintiff's statement charged "a hole" as being the defective condition of the pavement, and the proof tends to show "a depression" due to construction. The plaintiff's statement gave ample notice of the defective condition, and the contention that plaintiff's evidence did not agree with the pleadings is without merit.

Judgment affirmed.