GUSSIE ROSENFELD *vs.* MAX WUNSCH *et al.*

MARCH 6, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Findings of Fact. Error and Appeal.*

While findings of fact made from conflicting testimony by a justice sitting without a jury are entitled to great weight, such findings when clearly wrong will be set aside.

*(2) Mortgages. Equity. Foreclosure Sale. Redemption After Sale.*

Where property was sold under foreclosure of mortgage for a greatly inadequate price, with no competition, and bought in through an agent by the mortgagee, the mortgagor being unrepresented through an excusable mistake in believing the sale would be adjourned, the mortgagor is entitled to relief in equity.

*(3) Mortgages. Relief After Sale. Expense of Sale.*

Where a mortgagor is entitled to relief after a foreclosure sale, but it does not appear that the mortgagee in conducting the sale, was actuated by bad faith, the mortgagee should not be required to bear the expense of the sale.

BILL IN EQUITY to redeem after foreclosure sale. Heard on appeal from decree of Superior Court. Appeal sustained and decree reversed.

RATHBUN, J.   This is a bill in equity to redeem a mortgage after foreclosure sale.   The complainant was the owner of the equity of redemption in real .estate on which respondent Max Wunsch held a mortgage for $2,570 payable in payments of $30 per month.   Payments in accordance with the terms of the mortgage were made until the principal was reduced, as was admitted by the respondents, to $1,850 at which time Wunsch, for valuable consideration, transferred said mortgage to Wunsch & Schwartz, Inc., a corporation of which Wunsch was president.   A short time after the transfer the corporation, contending that the complainant was in default in said monthly payments, advertised said real estate for foreclosure sale under the power of sale contained in the mortgage.   The complainant, who was apparently unaware of the fact that the mortgage had been transferred to the corporation, filed in the Superior Court a bill in equity against Max Wunsch, alleging that she was not in default in the payment of either principal or interest and prayed that he be enjoined from foreclosing said mortgage.   An *ex parte* order was entered restraining said Wunsch from selling the real estate at foreclosure sale until further order of the court.   The citation, which was promptly delivered to the sheriff for service, was not served on Wunsch until after the foreclosure sale which was at twelve o'clock, noon, on the following day.   The property was sold subject to a prior mortgage of $2,500 and was struck off for $2,000 to Mortimer Lyons, a clerk in the employ of said corporation, he being the only bidder, and the property was conveyed to him by said corporation by a mortgagee's deed which was recorded on the next business day.   Thereafter permission having been obtained the complainant filed an amended bill and cited said corporation and said Lyons to appear as respondents.   The amended bill alleges that the sale was an unfair sale;  that the complainant believed that said citation had been served and for that reason she was not represented at the sale;  that said Lyons is an agent and servant of Max Wunsch and a bookkeeper of Wunsch

& Schwartz, Inc., and that said real estate has a value of
more than $11,000. Said amended bill prays for an ac-
counting and offers to pay the amount found to be due the
respondents, or any of them, on the mortgage in question
and to do equity in all other respects, and prays that the
complainant may be permitted to redeem. The cause was
heard on bill, answer and proof by a justice of the Superior
Court who decided that the complainant was in default and
that the sale was fair and ordered that the bill be dismissed.
The cause is before us on the complainant's appeal from the
decree which was entered dismissing the bill. Said decree
contains twenty-seven findings of fact in response to the
issues framed.

(1) While the findings of fact made from conflicting testimony
by a justice sitting without a jury are entitled to great
weight such findings when clearly wrong will be set aside.
*Bevan* v. *Bevan*, 44 R. I. 12; *Hurvitz* v. *Hurvitz*, 44 R. I. 478.
We think that the evidence warrants the finding that the
complainant was in default as to the monthly payments but
the finding that the "complainant was not represented at
the auction sale under the belief that the citation to Wunsch
had been served by the sheriff" was clearly wrong. The
record contains no evidence whatever tending to support
said finding which is opposed to convincing and undisputed
evidence.

In the bill the complainant states under oath that she
was unrepresented at the sale for the reason that she
believed the citation containing notice of the restraining
order had been served on Max Wunsch. Both her father,
who was her agent in the matter, and her attorney testified
to the same effect. Not a scintilla of evidence opposed to
this testimony was presented. The father's conduct ex-
hibited great anxiety lest the property be sacrificed by a
foreclosure sale. An attorney at law was engaged to
prepare a bill of complaint and obtain a restraining order.
The citation was placed in the hands of the sheriff. The
respondent named in the citation had a business office within

a few hundred yards of the office of the sheriff and said respondent's home was in the same city. Complainant's counsel testified that in a conversation by telephone on the day preceding the sale he was told by one of the deputy sheriffs attached to the sheriff's office that the citation had been served. Although this testimony was denied by said deputy sheriff, who testified that he did not tell complainant's counsel that citation had been served, nothing appeared to even suggest that complainant did not believe that said citation had been served and that the sale would be adjourned. If the complainant was not lulled into a sense of security by a mistaken belief that the sale would be adjourned it is difficult to account for her not being represented at the sale.

The property is located in a business section of the city of Providence and is rented for ninety-two dollars per month. An expert testified that the value of the property was $11,500. Within two years before the sale $2,300 was expended in making improvements on the property. Respondent Max Wunsch admitted in his testimony that the property was worth $5,500 or $6,000. Before the second mortgage was reduced the two mortgages on the property amounted to $5,250 and said Wunsch, on the security of the second mortgage, loaned the face value thereof. Considering the location of the property, its condition and the rental, it is apparent that the value is very much in excess of $6,000.

The evidence shows that respondent Lyons was an agent and servant in the employ of Wunsch & Schwartz, Inc. (a corporation engaged in the real estate business); that (2) during business hours he, accompanied by the auctioneer and the attorney for said corporation, attended the sale; that he was the only bidder at the sale; that after the property was struck off to him he offered to give his check to the auctioneer for $200, the amount required as a deposit by the terms of the sale; that on the advice of said attorney the deposit was waived; that on the next business day after the sale and after the service of said citation giving notice

of said restraining order, said corporation conveyed said property by mortgagee's deed to said Lyons, he paying no consideration therefor other than giving his unsecured promissory note for the amount of the purchase price. Lyons testified that he "bid in" the property. One of the respondent's witnesses testified that after the sale, Max Wunsch offered to sell to said witness the property in question. We must conclude that Lyons in bidding at the auction sale was acting for and in behalf of his employer, Wunsch & Schwartz, Inc., and that said corporation, the holder of the mortgage, was the actual purchaser at the sale. Our conclusion would be the same if the facts appeared to be, as Lyons contends, that he purchased the property for himself, for ample authority exists for granting relief when facts as herein recited appear, provided the purchaser is protected against actual loss which can readily be done in this case.

It appears that the property was sold for a grossly inadequate price on a stormy day when no bidder other than Lyons was present and that the complainant was unrepresented at the sale by reason of her mistaken belief that the sale would be adjourned. Said Lyons has as yet paid no consideration for the property other than giving his unsecured promissory note, which is in the custody of the court, to said corporation for $2,000.

We think that the complainant's mistake in believing that the sale would be adjourned was excusable and that she is entitled to relief. Relief has been granted frequently where property at foreclosure sale has been sold at a grossly inadequate price causing irreparable injury to the owner of the equity of redemption or the holder of the mortgage or other creditor having a lien upon the property and the injured party has been prevented by excusable surprise, accident or mistake from protecting his interests at the sale. In *Campbell* v. *Gardner*, 11 N. J. Eq. 423, foreclosure proceedings were commenced by a bill in equity. Subpœna was served on the owner of the equity of redemption who

was "a woman advanced in life." A member of her household told her that the copy of the subpœna was merely a notice from the mortgagee that he wanted his money. She relied upon this misinformation and had no actual knowledge of the existence of the suit or of the order of sale and consequently did nothing to protect her property at the sale. The property was purchased at the sale by the mortgagee for a grossly inadequate price. A decree was entered permitting her to redeem. In *Wolfert* v. *The Milford Savings Bank*, 5 Kan. App. 222, Wolfert, who was the only bidder at the foreclosure sale, purchased the property at a price which was grossly inadequate and much less than the amount due the mortgagee. Said savings bank, the mortgagee, being a non-resident, relied upon its attorney to attend the sale and protect its interests. Said attorney, who was authorized to bid an amount sufficient to cover the mortgagee's judgment, failed through accident and mistake, and without negligence on his part, to attend the sale. The court, setting aside the sale, used the following language: "Ordinarily, mere inadequacy of price alone is insufficient to authorize the setting aside of a judicial sale. *Capital Bank* v. *Huntoon*, 35 Kan. 577, 591. But when other grounds intervene, gross inadequacy of price may be a fact of controlling consideration with the court. The purchaser at such sale has rights in which he should be protected. But his right to be assisted to the enjoyment of a great bargain or speculation is not of such a character as to override strong equities in favor of other parties." To the same effect see 27 R.C.L 713–715 and authorities cited.

(3) According to the decree appealed from the justice who heard the cause found that the sale was fair. Although certain suspicious circumstances militate against this finding, we can not say that said justice was clearly wrong in finding that the respondents in conducting the sale were not actuated by bad faith. Therefore, the holder of the mortgage should not be required to bear the expense of the foreclosure sale.

The appeal of the complainant is sustained and the decree appealed from is reversed.

The complainant may, on or before March 16, 1923, redeem by paying Wunsch & Schwartz, Inc., the amount which shall be due on the mortgage in question on the day of redemption minus the net amount in the hands of said Lyons as rents of said property after deducting a reasonable compensation for his services in caring for said property and also deducting the disbursements made by him in accordance with the decree of the Superior Court, directing him to collect the rents of said property, and also paying the expenses of the foreclosure sale, including an attorney's fee of fifty dollars, and also paying the respondent's costs as taxed in this suit.

The parties may on the ninth day of March, 1923, present a form of decree in accordance with the terms of this opinion.

*Daniel A. Colton*, for complainant.

*Cooney & Cooney*, for respondents.