# Young *v.* Quaker City Cab Company, Appellant.

*Negligence—Collision with taxicab—Case for jury.*

In an action of trespass to recover damages for personal injuries, the evidence established that the plaintiff had been thrown from a motorcycle. While lying in the street and before he could get up he was struck by plaintiff's taxicab. There was also evidence that the defendant's chauffeur failed to have the taxicab under proper control and that it was operated at a high rate of speed.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

*Pleadings—Variance—Allegata and Probata—Evidence.*

Where the only difference between the allegations and the proofs was that the former charged that defendant's taxicab struck plain-

tiff while he was riding on the motorcycle, and the latter established that he was struck a few seconds after he had fallen from the motorcycle, the variance was immaterial.

Although the allegata and probata may not entirely agree, if the defendant is not misled, and the variance does not in any manner affect the trial on its merits or set up a different cause of action, or impose any different burden on the defendant, the variance will not be considered material.

Argued November 11, 1925. Appeal No. 225, October T., 1925, by defendant, from judgment of C. P. No. 5 Philadelphia County, December T., 1922, No. 7128, in the case of August F. Young v. Quaker City Cab Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McPHERSON, P. J., 51st Judicial District Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1500. and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Wm. W. Smithers,* and with him *John V. Horan,* of *Smithers, Lank and Horan,* for appellant.

*Maurice V. Daniels,* and with him *Frederick W. Beyer,* for appellee.

OPINION BY GAWTHROP, J., February 26, 1926:

Plaintiff has judgment on a verdict in a suit for damages resulting from defendant's negligence. Defendant appeals and assigns for error the action of the court below in refusing its motion for judgment n. o. v. The statement of claim alleged that plaintiff

"was a passenger on the rear seat of a tandem motor-cycle, which was being driven north on Juniper Street; that, as the said motorcycle on which the plaintiff was a passenger turned from Juniper Street west on Filbert Street, it was struck in the rear by a taxicab or motorcycle belonging to the above named defendant and operated by the servants, agents or employees of the above named defendant, which was also being operated north on Juniper Street, throwing the said plaintiff to and upon the street, severely injuring him thereby." The negligence charged in the statement was the excessive rate of speed at which defendant's taxicab was operated, and the failure to have it under proper control. The evidence adduced by plaintiff at the trial showed that when his motorcycle turned into Filbert Street it skidded and threw the riders off and that, when plaintiff had been lying in the street for about ten seconds, the taxicab of defendant skidded into him. At the time the occupants of the motor-cycle were thrown to the street, defendant's taxicab was sixty feet away. Two questions are raised.

(1) Was there a material variance between the pleadings and the proof? The rule of law upon the question whether a variance is material or not was concisely stated by Judge KEPHART in Tarentum Lumber Co. v. Marvin, 61 Pa. Superior Ct. 294, as follows: "Though the allegata and probata may not entirely agree, if the defendant is not misled and the variance could in no manner affect the trial on its merits, or set up a different cause of action, or impose any different burden on the defendant, the variance will not be considered material." See also Ponti v. Phila., 63 Pa. Superior Ct. 428. The only difference between the allegations and the proofs was that the former charged that defendant's taxicab struck plaintiff while he was riding on the motorcycle and the latter established that he was struck a few seconds after he had

fallen from the motorcycle. Defendant does not contend that there was more than one accident to plaintiff on that day, at that place, and it came into court to meet an allegation as to an accident as to which it had full information. Four eye witnesses to the transaction were called by it. There was a fair trial on the merits. In our view defendant was not in the slightest degree prejudiced by this variance and we regard it immaterial.

(2) The second contention of appellant is that the testimony of plaintiff's only witness, who testified as to the speed of the taxicab, is intrinsically unworthy of belief. Conceding, but not deciding, this to be the fact, still the learned trial judge could not have directed a verdict for defendant, because there was testimony which warranted a finding by the jury that defendant's chauffeur was negligent in that he failed to have his motor car under proper control, and that the injuries of plaintiff resulted from that negligence. For these reasons the motion for judgment n. o. v. was properly refused.

The assignments of error are overruled, and the judgment is affirmed.