## Lindner et ux. v. Forest City Borough.

*T. A. Doherty,* for plaintiff;   *W. A. Skinner,* for defendant and intervener.

SMITH, P. J., April 12, 1928.—The above was an action in trespass to recover damages for injuries received because of the alleged negligence of the municipal authorities of the borough defendant in not maintaining and keeping in repair a sidewalk along the easterly side of Main Street in said borough, its exact location being specifically and definitely set forth in plaintiffs' statement as "in front of premises owned by the Kelz Estate;" the alleged defect therein being stated as a "deep excavation or hole . . . to about the depth of ten or twelve inches," without maintaining a proper barrier against the same.

At the close of the plaintiffs' evidence, the learned attorney for the defendant moved for a compulsory non-suit, assigning three reasons therefor.  The "second," and being the only one necessary to notice in our disposition of the motion, briefly stated, is the substantial and material variance between the allegation of plaintiffs' statement as to the sidewalk in question being adjacent to and fronting the "Kelz Estate," and the *probata,* viz., that the evidence discloses its location to have been in front of property owned by the "Forest City Lumber Company."

At the argument of the present motion, the learned attorney for the plaintiffs frankly stated that, after reading the transcript of notes of testimony taken on the trial, he had not discovered sufficient upon which to base an argument in support of the motion, though not affirmatively consenting that

the motion be overruled, an attitude entirely to be commended, as we have verified, after a careful reading of the evidence so transcribed by ourselves, by which it appears clearly established that the *locus in quo* of the alleged defective sidewalk where the accident and resultant injury to the plaintiffs occurred, was in fact in front of the property of the "Forest City Lumber Company."

In Tarentum Lumber Co. *v.* Marvin, 61 Pa. Superior Ct. 294, the principle is stated that, "although the *allegata* and *probata* may not entirely agree, if the defendant was not misled and the variance does not in any manner affect the trial on its merits, or set up a different cause of action, or impose any different burden on the defendant, the variance will not be considered material." And this was the opinion expressed as to the status of the case from which this quotation is taken. Other illustrations to the same effect are Ponti *v.* Philadelphia, 63 Pa. Superior Ct. 428; Young *v.* Quaker City Cab Co., 87 Pa. Superior Ct. 294; Lineaweaver's Estate, 284 Pa. 384.

This brings us to a consideration of whether the variance at bar does cast a different and undue burden upon the parties defending. And we say parties plural because of the fact that before the jury was sworn, on motion, Elizabeth Tighe, as the then alleged sole, or, as interested in the "Kelz Estate," part owner of the property in front of which it was alleged by the plaintiffs in statement filed the accident occurred, was permitted to interpose defense as an intervener, upon notice to so appear served by the borough defendant authorities, making her in a substantial degree an interested party defendant, apparent from the authorities of City of Bradford *v.* Barry, 254 Pa. 303, and Philadelphia *v.* Bergdoll, 252 Pa. 545, that "when the owner has had notice to come in and an opportunity to defend the prior suit against the municipality, a judgment therein concludes him (such owner) on the facts relating to the evidence of the defect in the sidewalk, the extent of the damages suffered by the injured person, and the latter's due care at the time of the accident," in a subsequent suit brought against such owner, and by the further language that the foregoing principle "does not relieve the municipality from the burden of showing the defendant (owner) had due notice of the defect in question," indicates the then only defense against such action by the municipality is that he or she had no notice, actual or constructive, of such defect.

The owner of the property affected, either Kelz's estate or Elizabeth Tighe as intervener, is, therefore, substantially and materially interested in the effect attributed to the variance between *allegata* and *probata* at bar, in that its or her eventual liability for the amount of any verdict against the borough defendant upon the *allegata* and *probata* presented would be practically irrebuttable in the subsequent action by the borough for indemnity, subject to the single defense of lack of notice of defect alleged to have been negligently permitted to exist.

We are compelled, therefore, to conclude that the variance here interposed is fatal to the action in the absence of amendment allowed, no request for which was presented.

It now remains only to determine whether the motion for compulsory nonsuit was the proper remedy. That it is so we have the authority of Kehres *v.* Stuempfle, 288 Pa. 534, where it is so expressly ruled in the second of the three methods by which the question can be legally raised.

Therefore, and now, to wit, April 12, 1928, the motion to strike off compulsory non-suit is refused. Exceptions noted and bill sealed for the plaintiff.

From Gerritt E. Gardner, Montrose, Pa.