Dunlap et ux. *v.* Franklin Trust Co., Appellant.

Argued October 1, 1930.

Before Trexler, P. J., Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*G. G. Martin,* and with him *R. M. Dale,* for appellant.

*Maurice P. Breene,* for appellee.

Opinion by Baldrige, J., November 20, 1930:

The assignments of error challenge the correctness of the court in permitting a recovery for an amount alleged to be due plaintiffs for goods furnished to, and work done on behalf of, Silas Dunlap.

The appellant assumed that the plaintiffs' claim was based on "a specific, express, written contract" and contends that as the plaintiffs failed to prove such an obligation, no recovery could be had as a variance existed between the allegata and probata. An examination of the statement of claim reveals a misinterpretation of the basis of the plaintiffs' claim. The plaintiffs aver that Silas Dunlap, the deceased, on the 25th of March, 1915, entered into and executed and signed a written agreement for the purchase by him from the plaintiffs and the furnishing by them of certain goods, etc., as well as plaintiffs performing certain services,

but there was no acceptance in writing of this request, or so-called agreement, averred or proven. They aver also that in pursuance of this writing they furnished different goods and performed various services to Silas Dunlap, and that a full and correct account of the charges made therefor was duly kept by them; that Silas Dunlap verbally recognized the said account and admitted an indebtedness. But it was not averred or attempted to be proven that there was a written contract between the parties.

There was testimony that on May 28, 1925, Silas Dunlap, under his hand and seal, executed a certain note, payable to James Dunlap eighteen months after date, in the sum of $1000. At the time of the execution and delivery of this note, Silas Dunlap, in the garage of James Dunlap, and in the presence of the latter's two sons, acknowledged that he owed at least $1000 on the account and that he would give a note for that amount. One of the boys went to the house a short distance away, where his mother made out the written portion of the note and thereupon Silas Dunlap signed it. He kept possession of it at that time as he stated that he expected to sell his farm and he did not want the note put on record and interfere with the sale, but at the trial, the note was in possession of, and produced by, the plaintiffs. The account was offered and received in evidence with the statement from the trial judge that it was admitted only for the purpose of showing that an account had been kept, but it was not to be regarded as evidence of a receipt by the defendant of the specific items therein or the value thereof. The jury was instructed that there was no competent proof of any amount due, except as evidenced by the note of $1,000. The suit was to recover the amount alleged to be due on the account and not on the note. The note was simply admitted as evidence of the indebtedness; it was evidence of an express and definite admission

of that amount due. This acknowledgment showing a liability was, undoubtedly, admissible: Lehigh Valley National Bank v. Ott, 235 Pa. 565.

As there was no averment of a written contract, in our opinion, there was no such serious variance in the allegata and probata that the defendant was misled. The statement fairly recited facts upon which the plaintiff relied for a recovery: Tarentum Lumber Co. v. Marvin, 61 Pa. Superior Ct. 294; Young v. Quaker City Cab Co., 87 Pa. Superior Ct. 294. It is true that the plaintiffs did not prove the authenticity of the signature to the writing offered and, therefore, it was stricken from the record, but their claim was not jeopardized thereby. If a statement contains allegations of fact not essential to the plaintiffs' case, it is unnecessary to prove them, and a failure so to do does not constitute a fatal variance or defeat recovery, if the essential averments have been established: Stegmaier v. Keystone Coal Co., 225 Pa. 221.

The defendant further contends that the action is based upon a joint promise and the note is made payable to James Dunlap alone. But as we have observed, the action is not based upon the note and it was received in evidence only as proof of the obligation to the plaintiffs.

It can be fairly gleaned from the evidence that the parties to this transaction were not educated. Their dealings were not carried on in the same manner as one would expect of people with business experience. Furthermore, there was no proof, nor is it contended, that there was any other account between the parties, so that it could have been reasonably and fairly inferred that the acknowledgment of the indebtedness referred to the account in suit.

A careful consideration of the entire record convinces us that the issues involved were for the jury's

consideration and that the court would have been in error in sustaining the motion for binding instructions or in entering a verdict n. o. v.

The judgment is affirmed.