## Fawley v. Knight, Appellant.

Argued October 9, 1930.

Before T<small>REXLER</small>, P. J., K<small>ELLER</small>, L<small>INN</small>, G<small>AWTHROP</small>, C<small>UNNINGHAM</small>, B<small>ALDRIGE</small> and W<small>HITMORE</small>, JJ.

*H. E. Potter,* and with him *Frank A. Moorshead,* for appellant, cited: Cleaver v. Garner, 133 Pa. 419; Kehres v. Stuempfle, 288 Pa. 534.

*Thomas C. Egan* of *Wolf, Block, Schorr & Solis-Cohen,* for appellee, cited: Stegmaier v. Keystone Coal Co., 255 Pa. 221; Moyer v. Blue Mt. Electric Co., 294 Pa. 265.

O<small>PINION</small> <small>BY</small> T<small>REXLER</small>, P. J., December 12, 1930:

Plaintiff declared on a written contract entered into by him and the defendant for the erection of a building, consisting of one-story and basement, in accordance with the plans and specifications prepared by Eugene A. Stopper, the architect, and to be erected under his supervision.

The contract provided for the payment from time to time of 85% of the amount due for the labor and materials furnished upon the certificate of the architect, the balance of 15% ninety days after completion. Plaintiff alleged that the final certificate was given him by the architect showing the sum due him. The amount claimed in the statement was reduced by payment before trial and the entire balance represented

"Extras." The defendant relies upon a provision of the contract which required all claims for extras to be evidenced by a written agreement. The matter submitted to the jury in addition to certain items of setoff which need not be considered on appeal, was whether, notwithstanding the provision of the contract as to extras, defendant had waived it by his actions so that he could not invoke it as a defense against plaintiff's claim. The jury, by their verdict, decided that there had been a waiver and we think there was sufficient evidence to carry this question to them.

The architect was called and testified to the extra work done by the plaintiff. The original plan indicated that the ground was level, but it appears that the actual topography of the ground was such that the level showed by the drawing could not possibly be adhered to. Charles Kahn, who was acting for the defendant in the transaction, testified: "Stopper, [the architect], called me on the telephone and explained these difficulties to me, and I said to him, you had better lay up a plan of exactly what the situation is so that we will know a little more about it. He then sent me over a plan, a small layout plan. I don't know whether it is the one that is here or not—a small layout plan of the extras, with the change, and one day Mr. Knight was in my office and I showed him this. He said, how much is this work going to cost? I said, I don't know. He said, does it have to be done? I said, it has to be done if you want a building built here anywheres like the plan that is shown. And if my memory serves me right I called Mr. Stopper on the phone in Mr. Knight's presence. He gave me a unit price cost here, but not the total figure at any time. So far as I know the work went on. I went out there on one or two occasions with Mr. Knight during the progress of the work and aside from that I have no other knowledge." There was other testi-

mony to the same effect. The submission to the jury of the question of waiver was proper: Rose v. Scott, 75 Pa. Superior Ct. 196, and cases there cited; Lever v. Lagomarsino, 282 Pa. 110.

The appellant argues that the allegata and probata do not agree, that the suit is brought on a written contract and recovery is made on a verbal contract. The matter to be determined was plainly set out in the pleadings. The plaintiff, as we have already stated declared on a written contract, that he had performed what was required of him, and that he secured the architect's certificate showing the amount due him. The defendant admitted the completion of the house and the furnishing of the architect's certificate and raised no question as to these, but stated that the amount certified by the architect consisted of extras not covered by any written agreement as provided by the contract. If the statement was not sufficiently definite, he should have raised that question by taking a rule for a more specific statement: Rhodes v. Terheydon, 272 Pa. 397; Davis v. Investment Land Co., 296 Pa. 449.

This also applies to the objection that the statement does not set out the items of the extras. The plaintiff did not allege waiver, but it would seem that this is not necessary: Kearney v. Security Ins. Co., 67 Superior Ct. 179; Hess v. Hartford Fire Ins. Co., 38 Superior Ct. 158. Even if this be not so, we would not reverse for the trial was fairly held on the matter in dispute. The pleadings show that the waiver, above referred to, was not in writing, for the position assumed by the defendant necessarily implied that, for his defense was that he was not obligated to pay these extras for the reason that there was no written agreement concerning them.

After the real subject of the controversy is settled by a trial by jury, we are not inclined to be astute

in detecting error in the pleadings, objection to which should have been raised before trial. See Tarentum Lumber Co. v. Marvin, 61 Pa. Superior Ct. 294; Ponti v. Philadelphia, 63 Pa. Superior Ct. 428; Young v. Quaker City Cab Co., 87 Pa. Superior Ct. 294.

The judgment is affirmed.