Calvey *v.* Coyer, Appellant.

Argued March 2, 1936.

505

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Edward J. Kelly,* with him *W. J. Fitzgerald, Clarence Balentine* and *John P. Kelly,* for appellant.

*James W. McNulty,* with him *Michael J. Eagan,* and *James J. Powell,* for appellee.

OPINION BY RHODES, J., April 16, 1936:

The plaintiff brought this action of assumpsit on a written contract made with the defendant.

Prior to February 5, 1927, the plaintiff and his wife, together with the defendant and his wife, were the sole stockholders of a corporation known as the Scranton-Paige Motor Company. Defendant was president of the company, and the plaintiff was secretary and treasurer. On February 5, 1927, the defendant and his wife sold their stock in the motor company, being 50 per cent. of the amount issued and outstanding, to the plaintiff. Simultaneously, the defendant entered into an agreement with the plaintiff whereby the plaintiff and the defendant each agreed to pay one-half of whatever income tax might be determined by the federal government to be due from the Scranton-Paige Motor Company prior to the 31st of December, 1926. On or about the 15th

day of January, 1927, an internal revenue agent made an examination of the books of the motor company, and determined that there was an additional tax due for the year 1923. On February 17, 1927, the treasury department forwarded to the motor company a report showing an additional tax assessed against the company for the year 1923, in the amount of $342.07, based on an understatement of income for that year. This additional assessment was paid on April 9, 1927, together with interest, making a total of $394.21. The collector of internal revenue for the Scranton district gave a receipt showing payment of the amount assessed against the motor company, with interest thereon. Plaintiff's suit against the defendant was to recover one-half of the tax and interest paid. The jury found for the plaintiff. Defendant's motion for judgment n. o. v. was dismissed by the court below, and judgment entered on the verdict for the plaintiff. Defendant appealed, and now questions the plaintiff's right to recover for two reasons: (1) That plaintiff is not the proper party plaintiff; and (2) that there is a variance between the allegata and the probata.

Appellant's first contention, that the plaintiff was not the proper party to bring this action, is without merit. The written contract between the parties, dated February 5, 1927, after reciting some preliminary facts, set forth: "The true intent and meaning of this paper is that the said Nicholas Coyer and the said P. A. Calvey, stockholders in said Scranton-Paige Motor Company, shall pay in equal amounts share and share alike, whatever income tax which might be determined by the Government of the United States to be due as Income Tax from the Scranton-Paige Motor Company prior to the 31st day of December, 1926, and for the purpose of this provision on the part of the said P. A. Calvey and the said Nicholas Coyer to pay in equal, proportionate shares of said tax, the said Nicholas Coyer and the said P. A. Calvey have signed and become parties to this agreement."

The contract was signed and sealed by plaintiff and appellant.

In support of this contention, appellant cites the case of White v. First National Bank of Pittsburgh, 252 Pa. 205, 97 A. 403, which held that the plaintiff was but a stockholder, and, as such, did not represent the corporation and could not sue for its demands, even though he owned substantially all of the stock. The contract in the case at bar is between the plaintiff and the appellant as individuals; the motor company is not a party thereto. This is not a case of a contract made by the motor company upon which the plaintiff, as owner of nearly all of the stock of the company, seeks to recover a personal judgment against the appellant.

It is urged on behalf of the appellant that he was to pay the government, and not the plaintiff, his one-half of the income tax which might be assessed against the motor company. It is true that the contract does not expressly say that the appellant promised to pay to the plaintiff one-half of the tax assessed against the motor company prior to 1927. On the other hand, the federal government was not a party to the contract, and it could not thereunder enforce payment by the appellant of any income tax assessed against the motor company. Appellant's construction of the contract and his liability thereunder would make it a nullity. In order to ascertain the intention of the parties, the contract must be looked at as a whole (Knickerbocker Trust Co. et al. v. Ryan et al., 227 Pa. 245, 250, 75 A. 1073, 1074), and the surrounding circumstances taken into consideration (Myers' Estate, 238 Pa. 195, 211, 86 A. 89, 94; Bangor Peerless Slate Co. v. Bangorvein Slate Co. et al., 270 Pa. 161, 165, 113 A. 190, 191; First National Bank of East Conemaugh, for use, v. Davies et al., 315 Pa. 59, 63, 172 A. 296, 298). When the plaintiff purchased from the appellant and his wife their stock in the motor company, the consideration to be paid therefor was determined by the assets and liabilities of the motor company as they

existed at that time. The corporate assets, on the one hand, and the corporate indebtedness, on the other, determined the value of the stock held by the appellant and his wife. Possible assessments for income taxes for the years 1923, 1924, 1925, and 1926 might have a material effect upon the valuation of the stock which the plaintiff was purchasing from the appellant and his wife. Such possible assessments could not be calculated with certainty at the time, and the agreement between plaintiff and appellant was drawn to provide for this contingency and for a subsequent adjustment between the parties. It is apparent, when taking into consideration the entire transaction, the surrounding circumstances, and the object to be accomplished, that the contract in question was entered into between the plaintiff and the appellant, as individuals, for the sole purpose of making appellant liable to the plaintiff for one-half of any income tax assessed against the motor company for the years prior to 1927. See Nimlet's Estate, 299 Pa. 359, 365, 149 A. 658, 660.

Appellant's second contention is that there is a variance between the allegata and the probata, in that plaintiff's statement alleges that he paid the tax as an individual; whereas the receipt offered in evidence shows that the motor company paid the additional tax.

The tax receipt shows that the motor company received credit for the payment of the additional tax; it does not show who paid it. Plaintiff said that he paid it. In any event, under the terms of the agreement between the parties, it was not material whether the plaintiff or the motor company paid the tax. The contract being for the protection of the plaintiff, the clear implication is that, if either the plaintiff or the motor company paid the tax, appellant would pay to the plaintiff one-half thereof. It could make no difference to appellant which one paid the tax.

Any variance which existed between plaintiff's pleading and proof was not a material variance. "Though

the allegata and probata may not entirely agree, if the defendant is not misled and the variance could in no manner affect the trial on its merits, or set up a different cause of action, or impose any different burden on the defendant, the variance would not be considered material: Clymer-Jones Lith. Co. v. U. S., etc., Co., 48 Pa. Superior Ct. 636; Walter v. Transue, 22 Pa. Superior Ct. 617": Tarentum Lumber Co. v. Marvin, 61 Pa. Superior Ct. 294, 297. See, also, Young v. Quaker City Cab Co., 87 Pa. Superior Ct. 294, 296; Dunlap et ux. v. Franklin Trust Co., 100 Pa. Superior Ct. 174, 177.

The judgment is affirmed.